U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 26 2013

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ALLEN "F" CALTON,                          §
                                           §
                 Petitioner,               §
                                           §
v.                                         §     No. 4:13-CV-592-A
                                           §
WILLIAM STEPHENS, Director,                §
Texas Department of Criminal               §
Justice, Correctional                      §
Institutions Division,                     §
                                           §
                 Respondent.               §

## MEMORANDUM OPINION
### and
### ORDER

　　　This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Allen "F" Calton, a state prisoner currently incarcerated in Tennessee Colony, Texas, against William Stephens, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. No service has issued upon respondent.  After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as successive.

### I. FACTUAL AND PROCEDURAL HISTORY

　　　The history relevant to this case is set forth in the magistrate judge's findings and conclusions in *Calton v.*

*Quarterman*, Civil Action No. 4:07-CV-471-Y, 2008 WL 5083022 (N.D.Tex. Dec. 1, 2008).  Petitioner is serving a life sentence on his 2004 conviction for attempted murder in the 213th District Court of Tarrant County, Texas.  Petitioner has filed three prior federal petitions pursuant to § 2254 in this court challenging the same state conviction.  *Id.* (denied on the merits); *Calton v. Thaler*, Civil Action No. 4:10-CV-179-Y (transferred to Fifth Circuit to determine whether petitioner was authorized to file successive petition); *Calton v. Thaler*, Civil Action No. 4:13-CV-378-A (voluntarily dismissed by petitioner).  The court takes judicial notice of the pleadings and state court records filed in petitioner's prior federal habeas actions.

## II.  SUCCESSIVE PETITION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[1]  The Court

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

of Appeals for the Fifth Circuit recognized the district courts'

authority under Rule 4 to examine and dismiss frivolous habeas

petitions prior to any answer or other pleading by the state.

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). From the

face of the instant petition and court records, it is apparent

that this is a second or successive petition. *See* 28 U.S.C. §

2244(b)(1).

Petitioner raises the following claim in the instant

petition:

> Official court reporter thwarting of appeal due to
> direct appeal was decided on an incomplete record due
> to records had been lost and/or destroyed and said
> records were necessary for the fair and meaningful
> resolution of appeal in violation of both clauses of
> the 14th Amendment.

---

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented
> to a judge of the district court in accordance with the
> procedure of the court for the assignment of its
> business. The petition shall be examined promptly by
> the judge to whom it is assigned. *If it plainly
> appears from the face of the petition and any exhibits
> annexed to it that the petitioner is not entitled to
> relief in the district court, the judge shall make an
> order for its summary dismissal and cause the
> petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

(Pet. at 6)

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met.  28 U.S.C. § 2244(b)(1)-(2).  A petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ.  *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).  Further, before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A).

Petitioner argues that, although aware of the claim as early as 2007, the claim is not second or successive because it was not until 2012 that he obtained evidence that there were, in fact, four pretrial hearings that were recorded but not transcribed and provided to him and four hearings for which recordings were made but have been lost.[2]  (Pet'r Notice to the Court . . . That the

---

[2]Petitioner asserts he raised his claim in his initial state habeas application in 2007, but the claim was denied based on misrepresentations by the court reporter, therefore he did not raise the issue in his original federal petition.  He asserts that proof supporting the claim did not become available until he received the court reporter's letter dated July 20, 2012,

Instant Petition is not Second or Successive," doc. entry #5, at 5-7)  However, claims based on newly discovered evidence or a factual predicate not previously discoverable are successive. *Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009).

A district court has no jurisdiction to decide a second or successive claim on the merits without authority from the appropriate Court of Appeals.  28 U.S.C. § 2244(b)(3). Petitioner has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to consider the petition.  *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as successive.  The court further ORDERS that any pending motions be, and are hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases

---

confirming his suspicions.  (Pet'r Notice to the Court . . . That the Instant Petition is not Second or Successive," doc. entry #5, at 6; Pet'r App. at 5)

in the United States District Court, and 28 U.S.C. § 2253(c), for

the reasons discussed herein, the court further ORDERS that a

certificate of appealability be, and is hereby, denied, as

petitioner has not demonstrated that the Fifth Circuit has

authorized him to file a successive petition nor has he made a

substantial showing of the denial of a constitutional right.

SIGNED July __26__, 2013.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE